UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| J&A OF LOUISIANA, LLC, LEONARD Q. "PETE" ABINGTON, & CALVIN H. JONES | CIVIL NO. 20-0980 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANDREW J. BRYANT, BRYANT ASSET ADVISORS, LLC, & THE WELFONT GROUP, LLC | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Partial Motion for Summary Judgment filed by The Welfont Group, L.L.C. ("the Welfont Group") (Record Document 38) seeking dismissal of Leonard Q. Abington ("Abington") and Calvin H. Jones ("Jones") as plaintiffs in their individual capacity. Abington, Jones, and J&A of Louisiana, L.L.C. ("J&A Plaintiffs") oppose the Motion. See Record Document 47. For the following reasons, the Partial Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.

**FACTUAL & PROCEDURAL BACKGROUND**

In 2017, J&A of Louisiana, L.L.C., ("J&A") listed its sole property asset, a 9.64-acre tract of land near Stonewall, Louisiana, for sale through Sealy Real Estate ("Sealy"). Sealy was approached by the Welfont Group with a proposal for a "Bargain Sale" pursuant to Internal Revenue Code Section 170.[1] The Welfont Group presented a Letter of Intent ("the Letter") proposing a sale of the property for cash payment of $46,000 to J&A, and a

---

[1] A bargain sale is one in which the property is sold at a very low price to a charitable organization. The seller can then claim a deduction for the amount of the difference between the appraised value of the property for sale and the cash purchase price. See Record Document 1-2; see also 26 U.S.C. § 170.

1

tax benefit to Abington and Jones of $459,192. Attached to the Letter was an "Opinion of Value" by the Welfont Group placing the value of the property at $1,053,000.

On September 11, 2017, J&A and the Welfont Group's client, Food Assistance, Inc., ("Food Assistance") entered into a Real Estate Purchase Agreement ("the Purchase Agreement") with the Welfont Group acting as facilitator of the transaction. Pursuant to the Purchase Agreement, the Welfont Group provided an appraiser who valued the property at $1,150,000. Ultimately, J&A sold the tract at the purchase price of $28,182 on December 5, 2017. The final appraisal was not presented to J&A until after the funds had been distributed. At closing, J&A paid off a $139,713 mortgage indebtedness, and after the sale, Abington and Jones took the tax deductions they believed were owed to them.

On November 5, 2019, Abington and Jones were informed by the IRS that the deductions were disallowed because the "appraised value has been unrealistically grossly understated." Record Document 1-2.  As result, Abington and Jones incurred penalties and interest from the IRS.

The J&A Plaintiffs initiated this suit against the Welfont Group and other defendants in the 42nd Judicial District Court, DeSoto Parish, Louisiana, before it was removed to this Court in July 2020. The J&A Plaintiffs seek recovery for damages resulting from the disparity in J&A's sell price and fair market value of the tract, the fees and penalties assessed to Abington and Jones by the IRS, and other attorneys' fees and interest. The Welfont Group filed the instant Partial Motion for Summary Judgment (Record Document 38) arguing that Abington and Jones, as principals of the L.L.C., do not have standing to sue both as individuals and as the L.L.C.

**LAW AND ANALYSIS**

    I.    **Summary Judgment Standard**

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

Notably, the J&A Plaintiffs assert that the arguments made by the Welfont Group in its Motion are improper at the summary judgment stage and should have been raised in an earlier motion to dismiss because they read like an exception for no cause of action. In the alternative, the J&A Plaintiffs believe this Court should treat the pending Motion for Summary Judgment as a motion for judgment on the pleadings.

Standing may be raised on a motion for summary judgment as with any other dispositive legal issue. The movant bears the burden of establishing the basis for its motion and must identify the absence of genuine dispute as to any material fact. See Fed. Rule Civ. P. 56(a). (A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings. . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.").

If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove a genuine issue of material fact exists. See Celotex, 477 U.S. at 325, 106 S. Ct. at 2554; see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075.

## II. Analysis

The Welfont Group contends that under Louisiana law, individual Plaintiffs Abington and Jones, as sole members of J&A, do not have standing to recover from damages to the L.L.C.'s property. The Welfont Group reasons that individual members of a limited liability company may not have interest in the property of the L.L.C., thus Abington and Jones may not maintain their cause of action against the Welfont Group. See Record Document 38. Abington and Jones counter by arguing that the law from which the Welfont Group draws its conclusion is specific to corporations and does not set the precedent for the "business hybrid" model of an L.L.C. They further assert that the tax penalties and fees are direct damages Abington and Jones suffered as individuals separate and apart from the L.L.C.'s damages. They believe they are entitled to recovery for these damages specifically. See Record Document 47.

The instant matter was removed to this Court on diversity jurisdiction, and, as result, the Court will apply Louisiana law to determine whether Abington and Jones may maintain their claims. See Erie R. Co. v. Tomkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). It is well settled in Louisiana that an individual, as a member of an L.L.C., may not sue for

damages resulting from damages to the L.L.C.'s property. See La. R.S. § 12:1329 ("A member shall have no interest in limited liability company property."). When property is acquired by an L.L.C. and owned wholly by the L.L.C., the interest in the property is strictly held by the separate legal entity. See Wallace v. AeroPremier Jet Center, LLC, No. 10-1136, 2010 WL 3081370 at *2 (E.D. La. 08/05/10). It follows, that any recovery sought by Abington and Jones from damage to J&A's property is precluded by their lack of standing to sue. This is true of Abington and Jones's attempts to recover damages for the disparity in J&A's sell price and the fair market value, the interest as of December 4, 2017, the judicial interest, and the attorneys' fees incurred by J&A.

Abington and Jones, however, argue that they are also seeking to recover the damages they suffered from the imposition of penalties and interest by the IRS. They aver that these are direct damages assessed against the individual members of the L.L.C., not the L.L.C. itself. Therefore, the question before the Court is whether Abington and Jones are suing "strictly as individuals for their direct losses" from the sale, or are they attempting to recover indirectly from the harm suffered by the L.L.C. Id.

Louisiana courts have utilized a test from the American Law Institute to distinguish whether a claim is direct or indirect (also called derivative). While the test was originally applied in cases of shareholder disputes, this Court finds it illustrative and applicable to the present case because, like corporations, a L.L.C. is a separate legal entity from its shareholders. The test states:

> If a shareholder can recover in a suit only by showing that the corporation was injured, then the suit is considered derivative in nature, even if the corporate injury does cause indirect harm to the shareholder, while if a recovery can be granted to shareholder without proof of a corporate loss, then the suit is considered to be direct.

8 Glenn G. Morris & Wendell H. Holmes, La. Civ. Law Treatise, Business Organizations: Distinguishing Direct from Derivative Suits, § 34.03 (2010).

The Court believes Abington and Jones's claim to recover the tax penalties assessed against them fall under the category of a direct suit. In looking to the Internal Revenue Code, because J&A is treated as a partnership for taxing purposes, all income, deductions, credit, and penalties connected to an L.L.C. are included in the individual members' personal income tax returns. The result is that Abington and Jones receive both the benefits and the damages directly. See 26 U.S.C. §§ 170, 6695A (stating that deductions are denied at the partner level and that any valuation misstatement made on an individual's return shall result in a penalty to that person); see also Intermodal Equip. Logistics, LLC. v. Hartford Accident & Indem. Co., No. CV G-10-458, 2012 WL 13050877, at *3 (S.D. Tex. 04/18/012), report and recommendation adopted sub nom. Intermodal Equip. Logistics, LLC. v. Hartford Accident & Indem. Co., No. CV G-10-458, 2012 WL 13051090 (S.D. Tex. 05/24/2012) ("These damages, alleged to be the results of Hartford's purposeful withholding payment of its valid claim could constitute independent tort damages to support its claims that Hartford's tactics…establish an actionable bad faith tort.") For this reason, Abington and Jones may attempt to seek recovery for the tax penalties and fees assessed against them as individuals.[2]

## CONCLUSION

For the foregoing reasons,

---

[2] At this stage and based upon the Motion before it, whether Abington and Jones may succeed in ultimately recovering their penalties and fees from the Welfont Group remains pending. This is a question of fact which must be left to the trier of fact. See Intermodal Equip. logistics, LLC., CV G-10-458, 2012 WL 13050877, at *3 ("IEL's efforts to prove its bad faith claims may ultimately fail…however, this Court cannot find…that there exists no genuine issue of material fact to be resolved by a jury.).

6

Welfont's Partial Motion for Summary Judgment (Record Document 38) is **GRANTED** with regards to Abington and Jones's claims to recover damages for the disparity in J&A's sell price and the fair market value, the interest as of December 4, 2017, the judicial interest, and the attorneys' fees incurred by J&A.

The Motion is **DENIED** with regards to Abington and Jones's claims to recover the tax penalties and fees assessed against them individually.

A memorandum order consistent with the terms of the above memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of September, 2021.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT